(No. 82-CV-0099— )

*In re* APPLICATION OF DAVID R. HERNDON.

*Opinion filed October 18, 1983.*

DAVID R. HERNDON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALS-
BURG, Assistant Attorney General, of counsel), for Respon-
dent.

POCH, J.

This claim arises out of an incident that occurred on
August 7, 1980. David R. Herndon, former husband of
the deceased victim, Cathy Sue Santy, seeks compensa-
tion pursuant to the provisions of the Crime Victims
Compensation Act, hereafter referred to as the Act. Ill.
Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application
for benefits submitted on July 29, 1981, on the form
prescribed by the Attorney General, and an investigatory
report of the Attorney General of Illinois which substan-
tiates matters set forth in the application. Based upon
these documents and other evidence submitted to the
Court, the Court finds:

1. That the deceased victim, Cathy Sue Santy, age
25, was a victim of a violent crime as defined in section
2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to
wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on August 7, 1980, the victim and her
husband were shot by a neighbor. The incident occurred
at the victim's residence, located at 1603A Lyndhurst,

Champaign, Illinois. Police investigation revealed that the shooting was the result of a sequence of events during which the offender harassed the victim for no apparent reason. The victim and her husband were both pronounced dead at the scene of the incident.

3. That the Claimant alleges that his minor child, Alicia Catherine Herndon, age 3, was dependent upon the victim for support and seeks compensation for loss of support on her behalf.

4. That the victim's father, Frederick Obermiller, incurred funeral and burial expenses as a result of the victim's death in the amount of $2,610.65. The maximum compensable amount of $2,000.00, pursuant to section 2(h) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)), was paid to Frederick Obermiller, under claim No. 81-CV-0408.

5. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's avrage net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

6. That the victim was unemployed at the time of her death. However, the victim had been employed by P.A. Bergner during the six months prior to her death and her average monthly earnings were $166.08.

7. That under the divorce decree in *Herndon v. Herndon,* case No. 78 D 980, filed in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, the Claimant was ordered to pay $250.00 per month for the support of his daughter, Alicia Catherine Herndon. In addition, according to information submitted by the Claimant, the victim was not claiming Alicia Catherine Herndon as a dependent. The Claimant has presented no

evidence to support his allegation that the victim's minor child was dependent upon her for support.

8. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has failed to meet required conditions precedent for compensation of loss of support under the Act.

It is hereby ordered that the claim of David R. Herndon be and is hereby denied.